UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOUI HASHIM AL-BAREH ) ) Petitioner, ) ) v. ) ) MICHAEL CHERTOFF, SECRETARY, ) DEPARTMENT OF HOMELAND SECURITY; ) KEITH NYGREN, SHERIFF, McHENRY ) COUNTY; DANIEL SEDLOCK, CHIEF OF ) CORRECTIONS, McHENRY COUNTY JAIL, ) ) Respondents. ) | No. 08 C 589 Judge Der-Yeghiayan |

**AGREED MOTION FOR EXTENSION
OF TIME TO FILE A RETURN TO THE HABEAS PETITION**

The Attorney General and the Secretary of the Department of Homeland Security, (DHS) by and through their attorney, PATRICK J. FITZGERALD, the United States Attorney for the Northern District of Illinois, move for a two week extension of time to file a return to the petition filed by petitioner. In support of the motion, respondents state as follows:

1. This case was initially filed challenging the detention of petitioner while he awaited a decision from the immigration judge on his removal proceedings. (Petit. ¶3, 10). Petitioner also challenges the legal basis for his detention pending his removal, which he believes is not reasonably foreseeable. (Petit. ¶ 25, 28). Since petitioner filed this petition however, at least one aspect of the petition has become moot, that is, the immigration judge issued a decision granting him relief from removal in the form of "withholding of removal" under Section 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. §1231(b)(3). Govt. Exhibit 1. The respondents maintain that the

Department of Homeland Security, Immigration and Customs Enforcement, has properly detained petitioner pursuant to Section 236(c), 8 U.S.C. §1226(c) of the Immigration and Nationality Act (INA).

2. The immigration judge's decision was entered on February 13, 2008, and was mailed out to the parties. Govt. Exhibit 1. As noted on the cover page of that decision, the parties have thirty days from the date of mailing to perfect a notice of appeal to the Board of Immigration Appeals (BIA) in Falls Church, Virginia. *Id.* While petitioner is not likely to perfect an appeal of this decision as it is favorable to him and it is the only form of relief sought by him in the removal proceedings, the government does have the remainder of the thirty days in which to perfect an appeal. Given the nature of petitioner's offense and his conviction for an aggravated felony under the immigration statute, the government is engaged in discussions regarding whether an appeal will in fact be filed before the BIA.

3. Based upon this new development, the undersigned attorney for the government has spoken with counsel for the petitioner and the parties have agreed that a short continuance of the date for a return on the petition would be requested of this honorable court. In the interest of judicial economy, the respondents assert that should the decision be made not to perfect an appeal, petitioner will then be subject to a final order of removal and the statutory provisions of Section 236(c) will no longer apply to him. However, the provisions of Section 241, 8 U.S.C. Section 1231(a) entitled, "Detention And Removal Of Aliens Ordered Removed," will apply to him. Under this section of law, the respondents concede that petitioner may be entitled to review and possible release from detention within ninety days of the entry of his final order of removal, if not sooner. *See* Section 241(a)(1),(2), and (3). Under the statute and regulations, if DHS, ICE is unable to remove petitioner

or if petitioner is not removed within the removal period, the petitioner may be released on an Order of Supervision pending removal to his native country. Section 241(a)(3), 8 U.S.C. Sec. 1231(a)(3). Thus, the issue regarding petitioner's custody will likely be moot, and there would be no need for further protracted litigation.

4. Based upon these representations and upon the procedural posture of the case, which has now significantly altered the legal position of both parties, the respondents respectfully request an extension of time to file a return or otherwise plead, largely in the interest of judicial economy. It is entirely possible that petitioner will be released from custody on an Order of Supervision, given that he is a native and citizen of Iraq, and that release would obviate the need for further litigation in this matter involving his custody status.

5. Counsel for petitioner has notified the undersigned attorney that there is no objection to continuing the date for the filing of a responsive pleading for two weeks, so that the DHS, ICE may properly review petitioner's case for appeal before the BIA. This case is scheduled for a status hearing on February 27, 2008 and counsel for both parties will be at that hearing. Therefore, for the above stated reasons the respondents respectfully request that this honorable court grant the extension of two weeks.

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney

    By:s/:Sheila McNulty
      SHEILA McNULTY
      Special Assistant U.S. Attorney
      219 South Dearborn Street
      Chicago, Illinois 60604
      (312) 353-8788