UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOUI HASHIM AL-BAREH | ) | |
| | ) | |
| Petitioner, | ) | No. 08 C 589 |
| | ) | |
| v. | ) | Judge Der-Yeghiayan |
| | ) | |
| MICHAEL CHERTOFF, SECRETARY, | ) | |
| DEPARTMENT OF HOMELAND SECURITY; | ) | |
| KEITH NYGREN, SHERIFF, McHENRY | ) | |
| COUNTY; DANIEL SEDLOCK, CHIEF OF | ) | |
| CORRECTIONS, McHENRY COUNTY JAIL, | ) | |
| | ) | |
| Respondents. | ) | |

**RETURN TO THE HABEAS PETITION**

The Attorney General and the Secretary of the Department of Homeland Security, (DHS) by and through their attorney, PATRICK J. FITZGERALD, the United States Attorney for the Northern District of Illinois, hereby submits its return pursuant to 28 U.S.C. §2243 ¶1 to the petition for writ of habeas corpus filed by petitioner.

**Introduction**

Petitioner Al-Bareh, a native and citizen of Iraq, filed this case challenging his detention while he awaited a decision from the immigration judge on his removal proceedings. (Petit. ¶3, 10). Petitioner also challenges the legal basis for his detention pending his removal, which he believes is not reasonably foreseeable. (Petit. ¶ 25, 28). Since petitioner filed this petition however, that issue has become moot as the immigration judge issued a decision granting him relief from removal in the form of "withholding of removal" under Section 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. §1231(b)(3). (*See* Govt. Ex. 1 filed on or about February 25, 2008). The respondents

maintain that the Department of Homeland Security, Immigration and Customs Enforcement, has properly detained petitioner pursuant to Section 236(c), 8 U.S.C. §1226(c) of the Immigration and Nationality Act (INA) throughout the duration of his removal proceedings as petitioner Al-Bareh is an aggravated felon based upon his wire fraud conviction and as such he was properly held in custody. *See* 8 U.S.C. §1226(c)(1)(B): "The Attorney General shall take into custody any alien who- --- (B) is deportable by reason of having committed any offense covered in section 237(a)(2)(A)(iii)." *See also,* Govt. Ex 1 from Feb. 25, 2008 Motion, Immigration Judge Decision, finding petitioner to be an aggravated felon.

## Argument

The issue of petitioner's detention during the removal proceedings pursuant to Section 1226(c) has become moot, and the petition, to the extent that it relies on that basis for its challenge to his detention should be dismissed. As the Supreme Court observed in *Spencer v. Kemna*, 523 U.S. 1, 18 (1998), "[m]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *See also Riley v. INS,* 310 F.3d 1253, 1257 (10th Cir. 2002) (holding that the release of an alien from INS custody "moots his challenge to the legality of his extended detention."); *accord, Soliman v. INS*, 296 F.3d 1237, 1243 (11th Cir. 2002) (alien's habeas petition seeking release from INS custody and relief from alleged force-feeding during hunger strike was mooted by his release from detention and removal from the United States); *Watson v. INS,* 271 F. Supp. 2d 838, 839-40 (E.D. Va. 2003) (same in context of habeas petition challenging prolonged post-order detention under the *Zadvydas* rule).

The government has determined since the filing of their motion before this honorable court on February 25, 2008, that it would not perfect an appeal of this matter, and therefore petitioner now has a final order of removal, and this changes the nature and authority for his detention pending the execution of that order. *See* 8 U.S.C. §1231(a). Because the government did not appeal the removal case, the order became final on the date the immigration judge entered it, February 13, 2008. Therefore, as of that date, petitioner has been in custody pursuant to 8 U.S.C. §1231(a), and the statutory provisions of 8 U.S.C. §1226(c) no longer apply to him. However, the provisions of Section 241, 8 U.S.C. Section 1231(a) entitled, "Detention And Removal Of Aliens Ordered Removed," do now apply to him. Under this section of law, the respondents submit that petitioner has been in custody pursuant to a final order for approximately six weeks, or 42 days, and the statute contemplates that he is entitled to a review of his custody and possible release from detention within ninety days of the entry of his final order of removal. *See* Section 1231(a)(1),(2), and (3). Petitioner has been given notice of this file custody review as of March 13, 2008 . (Govt. Ex. A).

Under the statute and regulations, if DHS, ICE is unable to remove petitioner or if petitioner is not removed within the removal period, the petitioner may be released on an Order of Supervision pending removal to his native country. Section 241(a)(3), 8 U.S.C. Sec. 1231(a)(3). In the instant case, however, petitioner has been granted withholding of removal by the immigration judge, therefore, he may not be removed to his native country of Iraq. 8 U.S.C. §1231(b)(3) (A). The government may, however, attempt to remove him to a third country within the ninety day removal period. 8 U.S.C. §1231(b)(3)(E)(vii). While the removal to his country of origin may have been withheld by the judge, that does not grant him any lawful status to remain in the United States, it does not cancel the original order of removal, and it does not prevent the government from

3

attempting to remove petitioner to a third country, a process which is clearly provided for under the statute and endorsed by United States Supreme Court in *Jama v. ICE,* 543 U.S. 335 (2005). An alien who has been granted withholding of removal to a specific country under 8 U.S.C. §1231(b)(3), such as petitioner Al-Bareh, remains an alien who is subject to a final order of removal. Generally, the Supreme Court has validated the statutory process that provides for ICE to execute that order to any country other than the country to which removal has been withheld or deferred. *See* 8 U.S.C. §1231(b)(2)(E)(vii): "If impracticable, inadvisable, or impossible to remove the alien to each country described in a previous clause of this subparagraph, another country whose government will accept the alien into that country." *See also Jama, supra.*

Thus, the Chicago office of ICE Detention and Removal Office (DRO) has attempted to remove petitioner to his alternate designation of Germany within 13 days of his order. (Govt. Ex. B). However, the government of Germany returned that request and declined to allow petitioner Al-Bareh to enter its country. (*Id*). Subsequently on March 10, 2008 the DRO office filed a request for acceptance of an alien to the country of Saudi Arabia. (Govt. Ex. C). That request remains pending as of the time of this filing. The relevant immigration statute to petitioner's case merely provides in pertinent part that the government "may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country." 8 U.S.C. §1231(b)(3). This is the extent of the relief granted to Al-Bareh—he has not been granted political asylum or withholding under Section 208 of the INA, or any form of relief which provides them with lawful status in the United States. The removal to Al-Bareh's designated country of Iraq has been ordered withheld by the Attorney General. (*Id.*) However, there is nothing in this provision of law which establishes a clear right for petitioner, an aggravated felon, to be released from custody in 8

U.S.C. §1231(b)(3).

The agency has had a policy in effect since 2000 which refers to the statutory section at 8 U.S.C. §1231(a)(2) of the Immigration and Nationality Act whereby, once the removal period has begun, the agency *may*, but is not required to— detain a non-criminal alien until removal is effected. (Govt. Ex. D). However, 8 U.S.C. §1231(a)(2) generally requires the agency to detain all terrorists, all aggravated felons, and most other criminal aliens during the removal period and during any extension of the removal period. *Id.* This policy has been in place by the former Immigration and Naturalization Service, now ICE, since April 21, 2000. *See* Govt. Ex. D. This memorandum sets forth the specific policy for Detention and Release During the Removal Period of Aliens Granted Withholding or Deferral of Removal. The General Counsel outlines in this memorandum the circumstances under which individuals may be released when the agency is not actively pursuing the alien's removal, even though the alien would otherwise be subject to mandatory detention. *Id.* This policy may be applied to petitioner Al-Bareh upon the determination that ICE may no longer actively pursue his removal, and could place him on an order of supervision pursuant to 8 U.S.C. §1231(a)(3). (Govt. Ex. D).

Thus, despite petitioner's allegations to the contrary, it is not likely that his detention under Section 1231(a) will exceed the presumptive statutory removal period of ninety days, and in any event that issue is not yet ripe for review by this court, as the petitioner has now been held in post-order detention for only six weeks. As highlighted above, the agency has a mechanism in place to allow for his release if it is deemed appropriate under the circumstances, and it has had that policy for the last six years. This is an available administrative remedy to petitioner.

Thus, for the foregoing reasons, the petition should be dismissed in its entirety with prejudice.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

By:s/:<u>Sheila McNulty</u>
    SHEILA McNULTY
    Special Assistant U.S. Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-8788