# EXHIBIT 3

## Case No.:  08 C 589

Department of Homeland Security
U.S. Citizenship and Immigration Services

U.S. Department of Justice
Executive Office for Immigration Review

OMB No. 1615-0067; Expires 12/31/07

# I-589, Application for Asylum
## and for Withholding of Removal

**START HERE - Please type or print in black ink. See the Instructions for information about eligibility and how to complete and file this application. There is NO filing fee for this application.**

NOTE: Please check this box if you also want to apply for withholding of removal under the Convention Against Torture. ☑

## Part A. I. Information about you.

| 1. Alien Registration Number(s) (A#s) (If any) | 2. U.S. Social Security Number (If any) |
|---|---|
| A#075052990 | 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 |

| 3. Complete Last Name | 4. First Name | 5. Middle Name |
|---|---|---|
| Al-Baceh | Loui | Hashim |

6. What other names have you used? (Include maiden name and aliases.)   N/A

| 7. Residence in the U.S. (Where you physically reside.) | | Telephone Number ( ) |
|---|---|---|
| Street Number and Name | | Apt. Number |
| City | State | Zip Code |

| 8. Mailing Address in the U.S. (If different than the address in No. 7) In Care Of (If applicable): | | Telephone Number ( ) |
|---|---|---|
| Street Number and Name | | Apt. Number |
| City | State | Zip Code |

| 9. Gender: ☒ Male ☐ Female | 10. Marital Status: ☒ Single ☐ Married ☐ Divorced ☐ Widowed |
|---|---|

| 11. Date of Birth (mm/dd/yyyy) 12-9-1966 | 12. City and Country of Birth Bassra, Iraq | | |
|---|---|---|---|

| 13. Present Nationality (Citizenship) | 14. Nationality at Birth | 15. Race, Ethnic or Tribal Group | 16. Religion Muslim |
|---|---|---|---|

17. Check the box, a through c, that applies:   a. ☐ I have never been in Immigration Court proceedings.
b. ☒ I am now in Immigration Court proceedings.   c. ☐ I am not now in Immigration Court proceedings, but I have been in the past.

18. Complete 18 a through c.
a. When did you last leave your country? (mmm/dd/yyyy)   1991   b. What is your current I-94 Number, if any? _____
c. Please list each entry into the U.S. beginning with your most recent entry.
List date (mm/dd/yyyy), place, and your status for each entry. (Attach additional sheets as needed.)

| Date | 9/2006 | Place | Virginia | Status | LPR | Date Status Expires: |
|---|---|---|---|---|---|---|
| Date | | Place | | Status | | |
| Date | | Place | | Status | | |

| 19. What country issued your last passport or travel document? | 20. Passport # Travel Document # | 21. Expiration Date (mm/dd/yyyy) |
|---|---|---|

| 22. What is your native language? (Include dialect, if applicable.) ~~░░░~~ Arabic | 23. Are you fluent in English? ☒ Yes ☐ No | 24. What other languages do you speak fluently? ARABIC |
|---|---|---|

For EOIR use only.

| For USCIS use only. | Decision: |
|---|---|
| Action: | Approval Date: _____ |
| Interview Date: _____ | Denial Date: _____ |
| Asylum Officer ID#: _____ | Referral Date: _____ |

Form I-589 (Rev. 12/14/06) Y

**Part A. II. Information about your spouse and children.**

Your spouse.    [X] I am not married. (Skip to Your children, below.)

| 1. Alien Registration Number (A#) (if any) | 2. Passport/ID Card No. (If any) | 3. Date of Birth (mm/dd/yyyy) | 4. U.S. Social Security No. (If any) |
|---|---|---|---|
| A#096052990 | | 12-9-1966 | 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 |

| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Maiden Name |
|---|---|---|---|
| Al-Baseh | Loui | Hashim | |

| 9. Date of Marriage (mm/dd/yyyy) | 10. Place of Marriage | 11. City and Country of Birth |
|---|---|---|
| | | Bassra, Iraq |

| 12. Nationality (Citizenship) | 13. Race, Ethnic or Tribal Group | 14. Gender |
|---|---|---|
| Iraq | White | [X] Male    [ ] Female |

15. Is this person in the U.S. ?

[X] Yes (Complete Blocks 16 to 24.)    [ ] No (Specify location.)

| 16. Place of last entry in the U.S. | 17. Date of last entry in the U.S. (mm/dd/yyyy) | 18. I-94 No. (If any) | 19. Status when last admitted (Visa type, if any) |
|---|---|---|---|
| Tampa, FL | | | |

| 20. What is your spouse's current status? | 21. What is the expiration date of his/her authorized stay, if any? (mm/dd/yyyy) | 22. Is your spouse in Immigration Court proceedings? [ ] Yes [ ] No | 23. If previously in the U.S., date of previous arrival (mm/dd/yyyy) |
|---|---|---|---|
| | | | |

24. If in the U.S., is your spouse to be included in this application? (Check the appropriate box.)

[ ] Yes (Attach one photograph of your spouse in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)

[ ] No

Your children. Please list all of your children, regardless of age, location or marital status.

[X] I do not have any children. (Skip to Part A. III., Information about your background.)

[ ] I have children.    Total number of children: _____

(NOTE: Use Supplement A Form I-589 or attach additional sheets of paper and documentation if you have more than four children.)

| 1. Alien Registration Number (A#) (if any) | 2. Passport/ID Card No. (If any) | 3. Marital Status (Married, Single, Divorced, Widowed) | 4. U.S. Social Security No. (If any) |
|---|---|---|---|
| | | | |

| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth (mm/dd/yyyy) |
|---|---|---|---|
| | | | |

| 9. City and Country of Birth | 10. Nationality (Citizenship) | 11. Race, Ethnic or Tribal Group | 12. Gender [ ] Male [ ] Female |
|---|---|---|---|
| | | | |

13. Is this child in the U.S. ?

[ ] Yes (Complete Blocks 14 to 21.)    [ ] No (Specify location.) _____

| 14. Place of last entry in the U.S. | 15. Date of last entry in the U.S. (mm/dd/yyyy) | 16. I-94 No. (If any) | 17. Status when last admitted (Visa type, if any) |
|---|---|---|---|
| | | | |

| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? (mm/dd/yyyy) | 20. Is your child in Immigration Court proceedings? [ ] Yes [ ] No |
|---|---|---|
| | | |

21. If in the U.S., is this child to be included in this application? (Check the appropriate box.)

[ ] Yes (Attach one photograph of your child in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)

[ ] No

## Part A. II. Information about your spouse and children. (Continued.)

| 1. Alien Registration Number (A#) (if any) | 2. Passport/ID Card No. (If any) | 3. Marital Status (Married, Single, Divorced, Widowed) | 4. U.S. Social Security No. (If any) |
|---|---|---|---|
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth (mm/dd/yyyy) |
| 9. City and Country of Birth | 10. Nationality (Citizenship) | 11. Race, Ethnic or Tribal Group | 12. Gender ☐ Male ☐ Female |

**13. Is this child in the U.S. ?**
☐ Yes (Complete Blocks 14 to 21.)  ☐ No (Specify location.)

| 14. Place of last entry in the U.S. | 15. Date of last entry in the U.S. (mm/dd/yyyy) | 16. I-94 No. (If any) | 17. Status when last admitted (Visa type, if any) |
|---|---|---|---|
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? (mm/dd/yyyy) | 20. Is your child in Immigration Court proceedings? ☐ Yes  ☐ No | |

**21. If in the U.S., is this child to be included in this application?** (Check the appropriate box.)
☐ Yes (Attach one photograph of your child in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)
☐ No

| 1. Alien Registration Number (A#) (if any) | 2. Passport/ID Card No. (If any) | 3. Marital Status (Married, Single, Divorced, Widowed) | 4. U.S. Social Security No. (If any) |
|---|---|---|---|
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth (mm/dd/yyyy) |
| 9. City and Country of Birth | 10. Nationality (Citizenship) | 11. Race, Ethnic or Tribal Group | 12. Gender ☐ Male ☐ Female |

**13. Is this child in the U.S.?**
☐ Yes (Complete Blocks 14 to 21.)  ☐ No (Specify location.)

| 14. Place of last entry in the U.S. | 15. Date of last entry in the U.S. (mm/dd/yyyy) | 16. I-94 No. (If any) | 17. Status when last admitted (Visa type, if any) |
|---|---|---|---|
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? (mm/dd/yyyy) | 20. Is your child in Immigration Court proceedings? ☐ Yes  ☐ No | |

**21. If in the U.S., is this child to be included in this application?** (Check the appropriate box.)
☐ Yes (Attach one photograph of your child in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)
☐ No

| 1. Alien Registration Number (A#) (if any) | 2. Passport/ID Card No. (If any) | 3. Marital Status (Married, Single, Divorced, Widowed) | 4. U.S. Social Security No. (If any) |
|---|---|---|---|
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth (mm/dd/yyyy) |
| 9. City and Country of Birth | 10. Nationality (Citizenship) | 11. Race, Ethnic or Tribal Group | 12. Gender ☐ Male ☐ Female |

**13. Is this child in the U.S. ?** ☐ Yes (Complete Blocks 14 to 21.)  ☐ No (Specify location.)

| 14. Place of last entry in the U.S. | 15. Date of last entry in the U.S. (mm/dd/yyyy) | 16. I-94 No. (If any) | 17. Status when last admitted (Visa type, if any) |
|---|---|---|---|
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any ? (mm/dd/yyyy) | 20. Is your child in Immigration Court proceedings? ☐ Yes  ☐ No | |

**21. If in the U.S., is this child to be included in this application?** (Check the appropriate box.)
☐ Yes (Attach one photograph of your child in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)
☐ No

**Part A. III. Information about your background.**

1. Please list your last address where you lived before coming to the U.S. If this is not the country where you fear persecution, also list the last address in the country where you fear persecution. (List Address, City/Town, Department, Province, or State and Country.)
   (NOTE: Use Supplement B, Form I-589 or additional sheets of paper, if necessary.)

| Number and Street (Provide if available) | City/Town | Department, Province or State | Country | Dates From (Mo/Yr) | To (Mo/Yr) |
|---|---|---|---|---|---|
| | RAFAH | | SAUDI ARABIA | 1991 | 1997 |
| | BASRA | | IRAQ | 1966 | 1991 |

2. Provide the following information about your residences during the past five years. List your present address first.
   (NOTE: Use Supplement B, Form I-589 or additional sheets of paper, if necessary.)

| Number and Street | City/Town | Department, Province or State | Country | Dates From (Mo/Yr) | To (Mo/Yr) |
|---|---|---|---|---|---|
| OLD FARM ST | ELKHART | INDIANA | US. | 2003 | 2005 |
| NORTHWAY CIRCLE | ELKHART | INDIANA | US | 2000 | 2003 |
| | | | | | |
| | | | | | |
| | | | | | |

3. Provide the following information about your education, beginning with the most recent.
   (NOTE: Use Supplement B, Form I-589 or additional sheets of paper, if necessary.)

| Name of School | Type of School | Location (Address) | Attended From (Mo/Yr) To (Mo/Yr) |
|---|---|---|---|
| BASRA HIGH SCHOOL | HIGH SCHOOL | BASRA | 1975 1982 |
| | | | |
| | | | |
| | | | |

4. Provide the following information about your employment during the past five years. List your present employment first.
   (NOTE: Use Supplement B, Form I-589 or additional sheets of paper, if necessary.)

| Name and Address of Employer | Your Occupation | Dates From (Mo/Yr) | To (Mo/Yr) |
|---|---|---|---|
| US-ARMY | ITERPERATOR. | 2005 | 2006 |
| AACOA (ELKHART/IN) | MACHINE OPERATOR. | 2003 | 2005 |
| STATE ALUMINUM (ELKHART/IN). | MACHINE OPERATOR. | 2001 | 2002 |

5. Provide the following information about your parents and siblings (brothers and sisters). Check the box if the person is deceased.
   (NOTE: Use Supplement B, Form I-589 or additional sheets of paper, if necessary.)

| Full Name | City/Town and Country of Birth | Current Location | |
|---|---|---|---|
| Mother LETTEFA, AL-SELMAN | BASRA / IRAQ | ☐ Deceased | BASRA, Iraq. |
| Father HASHIM AL BAREH | BASRA / IRAQ. | ☑ Deceased | |
| Sibling MYED AL BAREH | BASRA / IRAQ | ☐ Deceased | Basra, Iraq |
| Sibling GOSEA AL BAREH | BASRA / IRAQ | ☐ Deceased | Illinois Prison |
| Sibling UDEPAL BAREH | BASRA / IRAQ | ☐ Deceased | Basra, Iraq. |
| Sibling GHASAN AL BAREH | BASRA / IRAQ | ☐ Deceased | Basra, Iraq |

Form I-589 (Rev. 12/14/06) Y Page 4

## Part B. Information about your application.

(NOTE: Use Supplement B, Form I-589 or attach additional sheets of paper as needed to complete your responses to the questions contained in Part B.)

When answering the following questions about your asylum or other protection claim (withholding of removal under 241(b)(3) of the INA or withholding of removal under the Convention Against Torture) you should provide a detailed and specific account of the basis of your claim to asylum or other protection. To the best of your ability, provide specific dates, places and descriptions about each event or action described. You should attach documents evidencing the general conditions in the country from which you are seeking asylum or other protection and the specific facts on which you are relying to support your claim. If this documentation is unavailable or you are not providing this documentation with your application, please explain why in your responses to the following questions.

Refer to Instructions, Part 1: Filing Instructions, Section II, "Basis of Eligibility," Parts A - D. Section V, "Completing the Form," Part B, and Section VII, "Additional Evidence That You Should Submit," for more information on completing this section of the form.

1. Why are you applying for asylum or withholding of removal under section 241(b)(3) of the INA, or for withholding of removal under the Convention Against Torture? Check the appropriate box(es) below and then provide detailed answers to questions A and B below:

I am seeking asylum or withholding of removal based on:

- [ ] Race
- [ ] Religion
- [ ] Nationality
- [x] Political opinion
- [ ] Membership in a particular social group
- [ ] Torture Convention

---

A. Have you, your family, or close friends or colleagues ever experienced harm or mistreatment or threats in the past by anyone?

- [ ] No    [x] Yes

If "Yes," explain in detail:

(1) What happened;
(2) When the harm or mistreatment or threats occurred;
(3) Who caused the harm or mistreatment or threats; and
(4) Why you believe the harm or mistreatment or threats occurred.

① IN 1991 WAS IN REVOLUTION AGAINST SADAM GOVERMENT AND IN 2005 I HELPED US ARMY AS INTERPERATOR IN IRAQ.
② IN 1991 and 2006 MY FAMILY WAS THREATEND BY SADAMS PEOPLE.
③ SADAM GOVERMENT CAUSED THE HARMS.
④ BECAUSE OF BEING AGAINST OF IRAQI GOVERMENT AND HELPING US. ARMY.

B. Do you fear harm or mistreatment if you return to your home country?

- [ ] No    [x] Yes

If "Yes," explain in detail:

(1) What harm or mistreatment you fear;
(2) Who you believe would harm or mistreat you; and
(3) Why you believe you would or could be harmed or mistreated.

① I will BE KILLED ON SIGHT.
② THE REMAINING OF SADAM'S PEOPLE AND THEIR ALLIES (AL-QAIDA)
③ I HELPED US TROOPS IN GETTING AROUND IN IRAQ AND COMMUNICATING THEM.

## Part B. Information about your application. (Continued.)

2. Have you or your family members ever been accused, charged, arrested, detained, interrogated, convicted and sentenced, or imprisoned in any country other than the United States?

☒ No ☐ Yes

If "Yes," explain the circumstances and reasons for the action.

3.A. Have you or your family members ever belonged to or been associated with any organizations or groups in your home country, such as, but not limited to, a political party, student group, labor union, religious organization, military or paramilitary group, civil patrol, guerrilla organization, ethnic group, human rights group, or the press or media?

☒ No ☒ Yes

If "Yes," describe for each person the level of participation, any leadership or other positions held, and the length of time you or your family members were involved in each organization or activity.

I was in the Iraqi military for 7years
The time was 1983 1990 between Iraq and Iran.

B. Do you or your family members continue to participate in any way in these organizations or groups?

☒ No ☐ Yes

If "Yes," describe for each person your or your family members' current level of participation, any leadership or other positions currently held, and the length of time you or your family members have been involved in each organization or group.

4. Are you afraid of being subjected to torture in your home country or any other country to which you may be returned?

☐ No ☒ Yes

If "Yes," explain why you are afraid and describe the nature of torture you fear, by whom, and why it would be inflicted.

I fear torture, because I worked with the U.S.
Army as an interpreter.

## Part C. Additional information about your application.

(NOTE: Use Supplement B, Form I-589 or attach additonal sheets of paper as needed to complete your responses to the questions contained in Part C.)

1. Have you, your spouse, your child(ren), your parents or your siblings ever applied to the U. S. Government for refugee status, asylum or withholding of removal?

   ☐ No  ☑ Yes

   If "Yes," explain the decision and what happened to any status you, your spouse, your child(ren), your parents or your siblings received as a result of that decision. Please indicate whether or not you were included in a parent or spouse's application. If so, please include your parent or spouse's A-number in your response. If you have been denied asylum by an Immigration Judge or the Board of Immigration Appeals, please describe any change(s) in conditions in your country or your own personal circumstances since the date of the denial that may affect your eligibility for asylum.

   > I got THE ASYLUM IN US. MY A# is 75052990. and I WAS BROUGHT To SAUDI ARABIA FROM IRAQ By USARMY IN THEIR CAMPS I STAYED THERE FOR SIX YEARS AND THEY BROUGHT ME TO US. 1997. AS REFUGEE.

2. A. After leaving the country from which you are claiming asylum, did you or your spouse or child(ren) who are now in the United States travel through or reside in any other country before entering the United States?   ☐ No  ☑ Yes

   B. Have you, your spouse, your child(ren) or other family members, such as your parents or siblings, ever applied for or received any lawful status in any country other than the one from which you are now claiming asylum?   ☑ No  ☐ Yes

   If "Yes" to either or both questions (2A and/or 2B), provide for each person the following: the name of each country and the length of stay, the person's status while there, the reasons for leaving, whether or not the person is entitled to return for lawful residence purposes, and whether the person applied for refugee status or for asylum while there, and if not, why he or she did not do so.

3. Have you, your spouse or your child(ren) ever ordered, incited, assisted or otherwise participated in causing harm or suffering to any person because of his or her race, religion, nationality, membership in a particular social group or belief in a particular political opinion?

   ☑ No  ☐ Yes

   If "Yes," describe in detail each such incident and your own, your spouse's or your child(ren)'s involvement.

**Part C. Additional information about your application. (Continued.)**

4. After you left the country where you were harmed or fear harm, did you return to that country?

☐ No    ☑ Yes

If "Yes," describe in detail the circumstances of your visit(s) (for example, the date(s) of the trip(s), the purpose(s) of the trip(s) and the length of time you remained in that country for the visit(s).)

I WENT BACK WITH US TROOPS AS INTERPERATOR TO HELP THEM IN IRAQ IN 2005. AS US ARMY.

5. Are you filing this application more than one year after your last arrival in the United States?

☐ No    ☐ Yes

If "Yes," explain why you did not file within the first year after you arrived. You should be prepared to explain at your interview or hearing why you did not file your asylum application within the first year after you arrived. For guidance in answering this question, see Instructions, Part 1: Filing Instructions, Section V. "Completing the Form," Part C.

ATTORNEY WILL ANSWER ON REQUEST.

6. Have you or any member of your family included in the application ever committed any crime and/or been arrested, charged, convicted and sentenced for any crimes in the United States?

☐ No    ☑ Yes

If "Yes," for each instance, specify in your response: what occurred and the circumstances, dates, length of sentence received, location, the duration of the detention or imprisonment, the reason(s) for the detention or conviction, any formal charges that were lodged against you or your relatives included in your application and the reason(s) for release. Attach documents referring to these incidents, if they are available, or an explanation of why documents are not available.

ATTORNEY WILL PROVIDE THE DOCUMENTS ON REQUEST.

## Part D. Your Signature.

I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it are all true and correct. Title 18, United States Code, Section 1546(a), provides in part: Whoever knowingly makes under oath, or as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document containing any such false statement or which fails to contain any reasonable basis in law or fact - shall be fined in accordance with this title or imprisoned for up to 25 years. I authorize the release of any information from my immigration record that U.S. Citizenship and Immigration Services (USCIS) needs to determine eligibility for the benefit I am seeking.

Staple your photograph here or the photograph of the family member to be included on the extra copy of the application submitted for that person.

**WARNING:** Applicants who are in the United States illegally are subject to removal if their asylum or withholding claims are not granted by an asylum officer or an immigration judge. Any information provided in completing this application may be used as a basis for the institution of, or as evidence in, removal proceedings even if the application is later withdrawn. Applicants determined to have knowingly made a frivolous application for asylum will be permanently ineligible for any benefits under the Immigration and Nationality Act. You may not avoid a frivolous finding simply because someone advised you to provide false information in your asylum application. If filing with USCIS, unexcused failure to appear for an appointment to provide biometrics (such as fingerprints) and your biographical information within the time allowed may result in an asylum officer dismissing your asylum application or referring it to an immigration judge. Failure without good cause to provide DHS with biometrics or other biographical information while in removal proceedings may result in your application being found abandoned by the immigration judge. See sections 208(d)(5)(A) and 208(d)(6) of the INA and 8 CFR sections 208.10, 1208.10, 208.20, 1003.47(d) and 1208.20.

| Print your complete name. | Write your name in your native alphabet. |
|---|---|
| AL-BAREH, LOUI HASHIM | و ج (S ٔ) محتمد البلا ؟ |

Did your spouse, parent or child(ren) assist you in completing this application?  ☒ No  ☐ Yes (If "Yes," list the name and relationship.)

| _(Name)_ | _(Relationship)_ | _(Name)_ | _(Relationship)_ |
|---|---|---|---|

Did someone other than your spouse, parent or child(ren) prepare this application?  ☒ No  ☐ Yes (If "Yes," complete Part E.)

Asylum applicants may be represented by counsel. Have you been provided with a list of persons who may be available to assist you, at little or no cost, with your asylum claim?  ☒ No  ☐ Yes

Signature of Applicant (The person in Part A.I.)

[ _(signature)_ ]    06/26/2007

Sign your name so it appears within the brackets    Date (mm/dd/yyyy)

## Part E.  Declaration of person preparing form, if other than applicant, spouse, parent or child.

I declare that I have prepared this application at the request of the person named in Part D, that the responses provided are based on all information of which I have knowledge, or which was provided to me by the applicant, and that the completed application was read to the applicant in his or her native language or a language he or she understands for verification before he or she signed the application in my presence. I am aware that the knowing placement of false information on the Form I-589 may also subject me to civil penalties under 8 U.S.C. 1324c and/or criminal penalties under 18 U.S.C. 1546(a).

| Signature of Preparer | Print Complete Name of Preparer |
|---|---|
| _(signature)_ | David Lin |

| Daytime Telephone Number | Address of Preparer: Street Number and Name |
|---|---|
| (312) 660-1329 | 208 S. LaSalle St. |

| Apt. No. | City | State | Zip Code |
|---|---|---|---|
| 1818 | Chicago | IL | 60604 |

**Additional information about your claim to asylum.**

| A# (If available) 75052990 | Date 06-21-07 |
|---|---|
| Applicant's Name AL-BAREH, LOUI HASHIM. | Applicant's Signature |

NOTE: Use this as a continuation page for any additional information requested. Please copy and complete as needed.

Part    5

Question

| AWATIF AL-BAREH | BASRA/IRAQ. | N/A |
|---|---|---|
| ZAINAB AL-BAREH | BASRA/IRAQ | N/A |
| AFFARAH AL-BAREH | BASRA-IRAQ | N/A. |

Supplement A, Form I-589

| A # *(If available)*  7505299O | Date  06-21-07 |
|---|---|

Applicant's Name  AL-BAREH, LOUI HASHIM.

Applicant's Signature

### List all of your children, regardless of age or marital status.
*(NOTE: Use this form and attach additional pages and documentation as needed, if you have more than four children.)*

| 1. Alien Registration Number (A#) *(If any)* | 2. Passport/ID Card Number *(If any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(If any)* |
|---|---|---|---|
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic or Tribal Group | 12. Gender  ☐ Male  ☐ Female |

13. Is this child in the U.S.? ☐ Yes *(Complete blocks 14 to 21.)* ☐ No *(Specify location.)*

| 14. Place of last entry in the U.S. | 15. Date of last entry in the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings?  ☐ Yes  ☐ No | |

21. If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*
   ☐ Yes *(Attach one photograph of your child in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)*
   ☐ No

| 1. Alien Registration Number (A#) *(If any)* | 2. Passport/ID Card Number *(If any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(If any)* |
|---|---|---|---|
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic or Tribal Group | 12. Gender  ☐ Male  ☐ Female |

13. Is this child in the U.S.? ☐ Yes *(Complete blocks 14 to 21.)* ☐ No *(Specify location.)*

| 14. Place of last entry in the U.S. | 15. Date of last entry in the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings?  ☐ Yes  ☐ No | |

21. If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*
   ☐ Yes *(Attach one photograph of your child in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)*
   ☐ No

## Part F. To be completed at asylum interview, if applicable.

**NOTE:** *You will be asked to complete this Part when you appear for examination before an asylum officer of the Department of Homeland Security, U.S. Citizenship and Immigration Services (USCIS).*

I swear (affirm) that I know the contents of this application that I am signing, including the attached documents and supplements, that they are ☑ all true or ☐ not all true to the best of my knowledge and that correction(s) numbered _____ to _____ were made by me or at my request. Furthermore, I am aware that if I am determined to have knowingly made a frivolous application for asylum I will be permanently ineligible for any benefits under the Immigration and Nationality Act and that I may not avoid a frivolous finding simply because someone advised me to provide false information in my asylum application.

Signed and sworn to before me by the above named applicant on:

_____
Signature of Applicant

لؤيـ حماشم البار
Write Your Name in Your Native Alphabet

_____
Date *(mm/dd/yyyy)*

_____
Signature of asylum officer

## Part G. To be completed at removal hearing, if applicable.

**NOTE:** *You will be asked to complete this Part when you appear before an immigration judge of the U.S. Department of Justice, Executive Office for Immigration Review (EOIR), for a hearing.*

I swear (affirm) that I know the contents of this application that I am signing, including the attached documents and supplements, that they are ☐ all true or ☐ not all true to the best of my knowledge and that correction(s) numbered _____ to _____ were made by me or at my request. Furthermore, I am aware that if I am determined to have knowingly made a frivolous application for asylum I will be permanently ineligible for any benefits under the Immigration and Nationality Act and that I may not avoid a frivolous finding simply because someone advised me to provide false information in my asylum application.

Signed and sworn to before me by the above named applicant on:

_____
Signature of Applicant

لؤيـ حماشم البار
Write Your Name in Your Native Alphabet

_____
Date *(mm/dd/yyyy)*

_____
Signature of immigration judge

# EXHIBIT 4

## Case No.:  08 C 589

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

In the Matter of:                    )
                                     )
      Loui Al-Bareh                  )       Respondent's Pre-Hearing Statement
      A75052990                      )
                                     )       Hon. Judge Katsilvalis
In Removal Proceedings               )

RESPONDENT'S PRE-HEARING STATEMENT

COMES NOW Respondent, by and through undersigned counsel, and files the

following Pre-hearing Statement in support of his application for relief before this Court:

**PRELIMARY MATTERS**

Respondent is currently in the custody of Immigration & Customs Enforcement

(ICE). He is scheduled for an Individual Merits Hearing on August 16, 2007 at 1 p.m.

Respondent will testify.

Abdul Al-Shawi, Respondent's friend and fellow Iraqi refugee, will testify.

Respondent requests the use of an Arabic interpreter.

Undersigned counsel anticipates that direct examination will last approximately one and

one half hour, and that the total time needed to present Respondent's case should be no

longer than three hours.

## **STATEMENT OF FACTS**

A.  BACKGROUND ON RESPONDENT

### i.  Respondent's Personal History Prior to Entry into the United States

Respondent is a 40-year-old native and citizen of Iraq.  Respondent was born in Basra, Iraq on December 9, 1966.  He is a Shiite Muslim who spent most of his life under the regime of Saddam Hussein.  He was drafted into the Iraqi army and forced to fight in the Iraq-Iran war during the 1980's.

Respondent's uncle, Karim Al-Bareh, was jailed and disappeared under Saddam's regime.  Respondent's family assumes that he is dead but his body was never discovered.  Respondent and family were stigmatized and abused by authorities because of their association to Karim Al-Bareh.

In 1991 Respondent participated in the Shia uprising against Hussein's government.  Government forces responded by brutally suppressing opposition and retaliating with atrocities on a massive scale.  Shia Muslims were round up, practically indiscriminately massacred, and dumped into mass graves.  Respondent fled Iraq to Kuwait and Saudi Arabia.  He was picked up by the U.S. Military and transferred to a refugee camp in Rafha.  Respondent spent six years there before he was granted refugee status and allowed admission into the United States.

### ii.  Respondent's Personal History after His Arrival in the United States

Respondent first entered the United States at Tampa, Florida in 1997.  He has been employed since his arrival, initially as a dishwasher, then as an assembly-line worker in Lincoln, Nebraska and later in Elkhart, Indiana.  He adjusted to lawful permanent resident status in 2000.  By statute, the date of his entrance as a refugee shall

be considered as the date of the establishment of his lawful permanent resident status, INA § 209(a)(2), so Respondent applied for citizenship in 2002.

In August 2002, Respondent traveled to Chicago from Elkhart to help his brother, Gosae Al-Bareh, run his grocery store while Respondent's brother traveled to the Middle East to find a bride and get married. During the time that Respondent supervised the store, federal agents shut down the food stamp machines and cited the store for violation of federal food stamp fraud. Respondent was interviewed by the agents, but not charged at that time. However, Respondent's application for citizenship was revoked.

Respondent returned to Elkhart, Indiana in December 2002 and resumed work as an assembly-line worker. In 2004 Respondent applied to work as an interpreter for the U.S. military in Iraq with the Titan Corporation. Respondent's application was accepted and he was sent to work as an interpreter at a U.S. detention facility in Iraq where he translated for interrogators.

In late 2005 or early 2006, Respondent returned to the United States for a security clearance check. Upon returning from Iraq, Respondent was arrested and charged for his 2002 involvement in the food stamp fraud scheme at his brother's grocery store. Respondent pled guilty and was convicted on February 20, 2007 of wire fraud.

B. BACKGROUND ON IRAQ

    i.  Country Conditions in Iraq

It is widely known that Iraq has been in a state of continuing instability and violence since the U.S. invasion in 2003. Neither Coalition forces nor internal Iraqi forces have been able to provide a solid security infrastructure. The atrocities committed

by factional insurgency groups against each other and against civilian noncombatants has become so commonplace that they scarcely make the news anymore.

On top of the car bombings, suicide attacks, IED's, and beheadings occur on a daily basis, there is also another crisis of alarming scale and severity developing in Iraq; the need for urgent aid and nourishment. Largely because of the violence and lack of security, most Iraqis do not have adequate access to such basic necessities as water.

### ii. Dangers to Interpreters and other "U.S. sympathizers" in Iraq

While there is a general air of resentment towards the United States, Iraqi's employed by the United States and even towards those who have spent any time in the United States, interpreters have been specifically targeted for torture and execution. Some translators have even reported receiving threats to themselves and their families written in blood.

Because insurgents know that interpreters are a vital part of the U.S. war effort in Iraq, they use intimidation, threats, and violence to punish and eliminate anyone who has provided such translation services for the U.S. military.


## STATEMENT OF THE LAW

### A. RESPONDENT IS STATUTORILY ELIGIBLE FOR WITHHOLDING OF REMOVAL UNDER INA §241(b)(3)

According to the Immigration and Nationality Act, "[t]he Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." INA §

241(b)(3)(A); 8 U.S.C. § 1231(b)(3)(A).  An applicant is entitled to withholding of removal upon a showing that she faces a "clear probability" of persecution, INS v. Stevic, 467 U.S. 407, 429-30 (1984), or that it is "more likely than not," INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987), that she will be persecuted.

     i.  Respondent Has Suffered Past Persecution Based on His Religion and

     Membership in a Particular Social Group.

The Board of Immigration Appeals (Board) has generally defined persecution as "the infliction of harm or suffering by a government, or persons a government is unable or unwilling to control to overcome a characteristic of the victim." Matter of Kasinga, Int. Dec. 3278 (BIA 1996).  The Seventh Circuit has described persecution "as punishment or the infliction of harm for political, religious, or other reasons that this country does not recognize as legitimate." Roman v. INS, 233 F.3d 1027, 1034 (7th Cir.2000). Further, "[p]ersecution encompasses more than threats to life or freedom; non-life threatening violence and physical abuse also fall within this category." Tamas-Mercea v. Reno, 222 F.3d 417, 424 (7th Cir.2000).

It is clear from human rights reports and the mass graves uncovered in the past decade that Saddam Hussein's government had a history of violent oppression against the Shiite population in Iraq, particularly those who participated in the Shia uprising in 1991 (Ex. O).  Moreover, a member of Respondent's family, his uncle, was specifically targeted for arrest and "disappearance" (Ex. A-B).

### ii.  Due to the Past Persecution Respondent Has Suffered, Respondent is Entitled to a Presumption of Future Persecution

Having demonstrated that he suffered past persecution on account of being Shiite, Respondent is entitled to a presumption that he has a well-founded fear of future persecution.  Thus, the burden of persuasion shifts to the Government to rebut the presumption that Respondent also has a well-founded fear of future persecution:

> (1) Past persecution. An applicant shall be found to be a refugee on the basis of past persecution if the applicant can establish that he or she has suffered persecution in the past in the applicant's country of nationality…on account of race, religion, nationality, membership in a particular social group, or political opinion, and is unable or unwilling to return to, or avail himself or herself of the protection of, that country owing to such persecution. An applicant who has been found to have established such past persecution shall also be presumed to have a well-founded fear of persecution on the basis of the original claim.

8 C.F.R. §208.13(b)(1)(2001).  See also Asani v. INS, 154 F.3d 719, 722 (7th Cir. 1998). This presumption may be rebutted by a showing that there has been a "fundamental change" in relation to the original basis for an applicant's claim or that an applicant may relocate to another part of the country to avoid persecution and it would be reasonable for him to do so.  8 C.F.R. §208.13(b)(1)(i); Galina v. INS, 213 F.3d 955, 957 (7th Cir.2000); Asani v. INS, 154 F.3d at 722.  The government's burden of rebuttal in this instance is by a "preponderance of the evidence."  8 C.F.R.§208.13(b)(1)(ii).

Although the Saddam Hussein regime has been overthrown, former members of the Baathist party have been difficult to weed out and may still remain in positions of power and the Sunni insurgency is suspected to be backed by Saddam loyalists (Ex. P) and have been targeting both Shiite militia members and civilians since the fall of Saddam's regime.

### iii.  Even if the Court Finds that Conditions Have Sufficiently Changed in Iraq, Respondent is Still in Serious Danger of Torture and Death Based on Membership in a Particular Social Group.

Respondent's service for the U.S. effort in Iraq places him in mortal danger should he ever return to Iraq.  There is ample evidence in the record to show that interpreters for the U.S. military are regularly targeted by insurgent groups who view them as traitors (Ex. H-K).  Respondent was recognized by the detainees with whom he worked while he was in Iraq (Ex. A), and therefore could be identified as a "traitor" if he returns.

Even if Respondent is fortunate enough not identified as an interpreter, he nevertheless carries the stigma of an Iraqi who has lived in the United States.  Iraqis who even have hints of sympathizing or corroborating with the United States are often subject to persecution (Ex. B and H).

### iv.  Respondent Will Not Be Able to Avail Himself of Protection from the Authorities.

An applicant for withholding of removal merits protection from persecution by the Government, or groups the government cannot or will not control.  See Chitay-Pirir v. INS, 169 F.3d 1079, 1081 (7th Cir. 1999).  Security is the biggest problem Iraq and evidence of the Iraqi government's failure to provide security appears in the news on a nearly daily basis.  Neither Coalition forces nor the Iraqi authorities would be able to protect Respondent from the insurgency groups who would seek to harm Respondent and Respondent's family.

### v. Respondent's Conviction Does Not Constitute a Particularly Serious Crime.

An individual who has committed an aggravated felony may be barred from seeking Withholding of Removal if it is deemed a "particularly serious crime," INA §241(b)(3)(iii). The INA creates a presumption that any aggravated felony with a sentence of 5 years of more is a presumptively particularly serious crime, Id. As the bar to Withholding states, a conviction may still be considered a particularly serious crime notwithstanding the length of sentence imposed. In this regard, the Board of Immigration Appeals' (Board's) analysis in Matter of Frentescu applies. See Matter of Frentescu, 18 I&N Dec. 244 (BIA 1982); see also Matter of L-S-, 22 I&N Dec. 645 (BIA 1999)(bringing of illegal alien into United States not a particularly serious crime); Matter of S-S, 22 I&N Dec. 458 (BIA 1999)(conviction for first degree robbery of unoccupied home while armed with a handgun and sentence of 55 months constitutes particularly serious crime) overruled by Matter of Y-L-, 23 I&N Dec. 270 (BIA 2002) (as to "drug trafficking" crimes). Generally, in order to determine whether a conviction constitutes a particularly serious crime the factors to be considered are the nature of the conviction, circumstances and underlying facts of the conviction, the type of sentence imposed, and whether the type and circumstances of the crime indicate that an individual will be a danger to the community.

Under a Frentescu analysis, therefore, Respondent submits to this Court that he has not been convicted of a particularly serious crime. On February 20, 2007, Respondent was convicted of one count of Wire Fraud under 18 USCA § 1343 with a loss amount greater than $10,000 after pleading guilty (Ex. F). Although Respondent was an accomplice to the crime, he did not initiate or devise the scheme (Ex. G). He only

participated in it so far as he supervised the daily operations of his brother's store. Respondent did accept responsibility for the offense and pled guilty. Respondent's offense was of a non-violent nature and, while not to be condoned, did not result in physical harm to any individual. Further, there is no indication that Respondent has engaged in this type of activity in the past, nor would he engage in this activity in the future.

## B. RESPONDENT MERITS DEFERRAL OF REMOVAL UNDER THE CONVENTION AGAINST TORTURE

In the event that this Court does not grant the Respondent's application for withholding of removal, Respondent respectfully requests deferral of removal under the United Nations Convention Against Torture ("CAT"). See 8 C.F.R. § 208.16. Under CAT, no state party shall expel or return a person to another state where there are substantial grounds for believing that the individual would be in danger of being subjected to torture. See id.

The Convention Against Torture defines "torture" in Article 1, as incorporated in 8 C.F.R. § 208.18(a)(1), as:

> Any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or a third person information or a confession, punishing him for an act he or a third person has committed or is suspected of having committed, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity. It does not include pain or suffering arising only from, inherent in or incidental to lawful sanctions.

Similar to withholding cases, an individual must demonstrate for CAT protection that it is "more likely than not" that he would be tortured. See 8 C.F.R. § 208.16(c)(2).

In determining whether it is "more likely than not" that an individual faces torture, the adjudicator must consider "all evidence relevant to the possibility of future torture," including but not limited to: (1) evidence of past torture inflicted upon the individual; (2) evidence that the individual could relocate to a part of the country of removal where he or she is not likely to be tortured; (3) evidence of gross, flagrant, or mass human rights violations within the country of removal; and (4) other relevant evidence regarding conditions in the country of removal. See 8 C.F.R. § 208.16(c)(3)(i)-(iv).

In the instant case, Respondent and other Shiites have faced persecution and violence because of his religion and his opposition to an oppressive government; there is nowhere in Iraq where Respondent could go to escape the rampant and ubiquitous violence; the gross and flagrant atrocities committed by the warring insurgent factions in Iraq are well-documented; and Respondent would be specifically targeted for torture or execution due to his former employment as an interpreter for the U.S. military and because of his time spent living in the United States.

## CONCLUSION

In light of the above, Respondent respectfully urges this Honorable Court to grant

his application for Withholding of Removal under INA§241(b)(3) and under the

Convention Against Torture, alternatively, Deferral of Removal under the Convention

Against Torture.

Respectfully submitted,

Linus Chan
Detention Project Attorney
Midwest Immigrant & Human Rights Center
208 South LaSalle, Suite 1818
Chicago, IL 60604
Tel.: 312.660.1367
Fax: 312.660.1506

Date: July 30, 2007

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that the above was hand-delivered to the following parties:

Office of Chief Counsel
Department of Homeland Security
55 East Monroe, 17th Fl.
Chicago, IL 60603

On this 30th day of July, 2007.

David Lin

# EXHIBIT 5

# Case No.:  08 C 589

IMMIGRATION COURT
CHICAGO, IL 60603

In the Matter of:                                                        File:  __75-052-990__
 **AL-BAREH, LOUI HASHIM**

ORDER OF THE IMMIGRATION JUDGE
TO FILE PRE-HEARING STATEMENT AND APPLICATIONS FOR RELIEF

    1. Any application(s) for relief from removal must be filed with the Court by_____. See 8 C.F.R. §
3.31(c)(1993). (The Chicago Immigration Court will not accept any fee in conjunction with a filing.) Failure to
timely file a document(s) required herein shall be deemed a waiver and abandonment of any such opportunity. Id.

    2. All applications, documents, and exhibits must be submitted on 8-1/2" X 11" size paper. They shall be
two-hole punched at the top of the page with holes 2-3/4" apart. All documents and exhibits shall be indexed,
paginated, and prefaced with a table of contents. Accord. 8 C.F.R. § 3.32(b) (1993).

    3. Pursuant to 8 C.F.R. § 3.21(B)(1993) and Local Operating Procedure 2, each party is directed to file and
serve no later than _July 30, 2007_____ the following in the form of a "PRE-HEARING
STATEMENT":   Original + 1 copy   **(Include Affidavit)**

        a.) A list of proposed witnesses, estimate of time needed for each witness
including the respondent and what they will establish;

        b.) A list, together with copies, of all exhibits that may be offered;

        c.) A memorandum stating the legal and factual basis for the respondent's claim
for relief together with the respondent's affidavit stating chronically the important
facts in his/her case;

        d.) The estimated time required to present the case;

        e.) An additional copy of all exhibits.

        f.) A letter stating when the respondent's fingerprints were applied for and taken
by the DHS.

**NOTE: Pre-hearing statement, exhibits, briefs, etc. shall not exceed 100 pages. Documents over 100
pages will be returned.  PLEASE NUMBER ALL PAGES.**

    4. Any party objecting to any proposed exhibit shall file and serve the objection no later than ten days prior
to the individual calendar hearing. Objections must be document specific; the failure to timely file an objection
shall be deemed a waiver of any such opportunity.

    5. If the Service believes it is pertinent to consider an alien's criminal record, it shall file and serve by the
date set for the Pre-hearing Statement a list of the alien's criminal record. This shall include the incident date,
conviction date, name of court, and sentence actually imposed.

    6. In a Cancellation of Removal (240A(a)) or 212 (c) case the alien shall file and serve with the exhibits
noted above, copies of income tax returns submitted to the Internal Revenue Service and a Pre-sentence
Investigative Report prepared in conjunction with the conviction(s) charged by the DHS. If unable to furnish it, an
explanation is expected.

    7. Service of any required filing on the DHS shall be addressed to the attorney who last appeared on its
behalf.

    8. Cases set by agreement are expected to be presented and completed within the time stipulated on the
date of the individual calendar hearing.

Date:  _7/11/07_____                            _____
                                                                                Immigration Court

# EXHIBIT 6

## Case No.:  08 C 589

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
Immigration Court
Chicago, IL 60605

RE:  AL-BAREH, LOUI HASHIM                                    DATE:  _____7/11/07_____

FILE:  75-052-990                                    Atty Valenzuela
DHS CUSTODY
CHICAGO, IL 60604

Please take notice that the above captioned case has been scheduled for a ~~Master~~/Individual hearing before an
Immigration Judge on  **August 16, 2007**                at  **1:00 p.m.**                at

[   ] 536 S. Clark St., Room B1320/1330, Chicago, IL 60605

[ X ] THIS CASE WILL BE HEARD BY TELEVIDEO.  The Judge will preside at the
       Chicago Detained Immigration Court at 536 S. Clark, Room B1330, while
       the respondent will be brought in to the DHS location at Broadview, IL.

       You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual
who is authorized and qualified to represent persons before an Immigration Court. Your hearing date has not been scheduled
earlier than 10 days from the date of service of the Notice to Appear, in order to permit you the opportunity to obtain an
attorney or representative. If you wish to be represented, your attorney or representative must appear with you at the hearing
prepared to proceed. You can request an earlier hearing in writing.
       Failure to appear at your hearing except for exceptional circumstances may result in one or more of the following
actions: (1) You may be taken into custody by the Immigration and Naturalization Service and held for further action. OR
(2) Your hearing may be held in your absence under section 240(b)(5) of the Immigration and Nationality Act. An order of
removal will be entered against you if the Immigration and Naturalization Service establishes by clear, unequivocal and
convincing evidence that a) you or your attorney has been provided this notice and b) you are removable.
       IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT,
WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT CHICAGO,
IL THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR PHONE NUMBER AT WHICH YOU CAN
BE CONTACTED REGARDING THESE PROCEEDINGS. EVERY TIME YOU CHANGE YOUR ADDRESS
AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE COURT OF YOUR NEW ADDRESS AND/OR
TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE ON THE ATTACHED FORM EOIR-33.
ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM THE COURT WHERE YOU ARE SCHEDULED TO
APPEAR. IN THE EVENT YOU ARE UNABLE TO OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE
COURT IN WRITING WITH YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST
CLEARLY MARK THE ENVELOPE "CHANGE OF ADDRESS." CORRESPONDENCE FROM THE COURT,
INCLUDING HEARING NOTICES, WILL BE SENT TO THE MOST RECENT ADDRESS YOU HAVE
PROVIDED, AND WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN
GO FORWARD IN YOUR ABSENCE.
       A list of free legal service providers has been given to you. For information regarding the status of your case, call
toll free 1-800-898-7180 or 703-305-1662.

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)        PERSONAL SERVICE (P  )      FAX (F)
TO:        [ ] ALIEN        [ ] ALIEN c/o Custodial Officer      [ p ] ALIEN'S ATT/REP        [ p ] DHS
DATE:  7/11/07                                    BY: COURT STAFF____Ly____
       Attachments:   [ ] EOIR-33      [ ] EOIR-28      [ ] Legal Services List      [ ] Other

Administrative Control Court: Immigration Court, 55 E. Monroe, Ste. 1900, Chicago, IL 60603**
Hearing Conducted by Video Conference

**NOTE: PLEASE MAIL ANY CORRESPONDENCE TO THE ADMINISTRATIVE CONTROL COURT****

# EXHIBIT 7

# Case No.:  08 C 589

Immigration Court
Chicago, IL 60605

RE:  LOUI HASHIM AL-BAREH                     DATE:  August 16, 2007

FILE:  A75-052-990
    DHS CUSTODY                              R. Linus Chan, Atty.
    CHICAGO, IL 60604

      Please take notice that the above captioned case has been scheduled for a Master/Individual hearing before an Immigration Judge on __**September 27, 2007**__ at __**1:00 pm**__ at

    [   ] 536 S. Clark St., Room B1320/1330, Chicago, IL 60605

    [ X ] THIS CASE WILL BE HEARD BY TELEVIDEO.  The Judge will preside at the
        Chicago Detained Immigration Court at 536 S. Clark, Room B1330, while
        the respondent will be brought in to the McHenry County Jail.

      You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual who is authorized and qualified to represent persons before an Immigration Court.  Your hearing date has not been scheduled earlier than 10 days from the date of service of the Notice to Appear, in order to permit you the opportunity to obtain an attorney or representative.  If you wish to be represented, your attorney or representative must appear with you at the hearing prepared to proceed.  You can request an earlier hearing in writing.

      Failure to appear at your hearing except for exceptional circumstances may result in one or more of the following actions: (1) You may be taken into custody by the Immigration and Naturalization Service and held for further action. OR (2) Your hearing may be held in your absence under section 240(b)(5) of the Immigration and Nationality Act.  An order of removal will be entered against you if the Immigration and Naturalization Service establishes by clear, unequivocal and convincing evidence that a) you or your attorney has been provided this notice and b) you are removable.

      IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT CHICAGO, IL THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR PHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS. EVERY TIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE ON THE ATTACHED FORM EOIR-33.  ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM THE COURT WHERE YOU ARE SCHEDULED TO APPEAR.  IN THE EVENT YOU ARE UNABLE TO OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE OF ADDRESS." CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.

      A list of free legal service providers has been given to you.  For information regarding the status of your case, call toll free 1-800-898-7180 or 703-305-1662.

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)     PERSONAL SERVICE (X  )     FAX (F)
TO:  [   ] ALIEN     [   ] ALIEN c/o Custodial Officer     [ X ] ALIEN'S ATT/REP     [ X ] DHS
DATE:  8-16-07                                             BY: COURT STAFF  Mjr
   Attachments:  [   ] EOIR-33     [   ] EOIR-28     [   ] Legal Services List     [   ] Other

Administrative Control Court: Immigration Court, 55 E. Monroe, Ste. 1900, Chicago, IL 60603**
Hearing Conducted by Video Conference
**NOTE: PLEASE MAIL ANY CORRESPONDENCE TO THE ADMINISTRATIVE CONTROL COURT****