UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOUI HASHIM AL-BAREH | ) | |
| | ) | |
| Petitioner, | ) | No. 08 C 589 |
| | ) | |
| v. | ) | Judge Der-Yeghiayan |
| | ) | |
| MICHAEL CHERTOFF, SECRETARY, | ) | |
| DEPARTMENT OF HOMELAND SECURITY; | ) | |
| KEITH NYGREN, SHERIFF, McHENRY | ) | |
| COUNTY; DANIEL SEDLOCK, CHIEF OF | ) | |
| CORRECTIONS, McHENRY COUNTY JAIL, | ) | |
| | ) | |
| Respondents. | ) | |

### RESPONSE TO THE PETITIONER'S REPLY TO THE HABEAS PETITION

The Attorney General and the Secretary of the Department of Homeland Security, (DHS) by and through their attorney, PATRICK J. FITZGERALD, the United States Attorney for the Northern District of Illinois, hereby submit their response to petitioner's reply.

Petitioner Al-Bareh has filed his reply to the return to the habeas asserting that the government is not following the required Constitutional and statutory safeguards with respect to his detention pending removal. He claims that the government's "bait and switch from Iraq to Saudi Arabia. . . is an impermissible end-run around the Due Process Clause and the protections provided in the Immigration and Nationality Act." Reply at p.5. He further states that the government seeks to remove him to Saudi Arabia "only because it lost its case for Iraq." *Id* at p. 10. Finally, he states that because the "[g]overnment cannot effect Mr. Al-Bareh's removal to Saudi Arabia, his detention is unlawful as not tied to legitimate governmental purpose." *Id.* at p.13. These arguments, however, miss the mark, as the government is clearly entitled to *pursue* removal to a third country in a case

where the individual has been granted withholding of removal to one specific country. 8 U.S.C. §1231(b)(2)(E). Petitioner confuses the legal issues and ignores the statutory and regulatory scheme which allow for this pursuit. Furthermore, it is petitioner himself who listed Saudi Arabia as a country where he had lived for 6 years as a refugee before coming to the United States. *See* Petitioner's Reply, Exhibit 3, p.8. This information can certainly be used according to the statute as a possible third country of removal. 8 U.S.C. §1231(b)(2)(E)(iii).

Once petitioner's case was completed and no appeal taken by either party, he has an administratively final removal order, and as such he is no longer subject to detention under 8 U.S.C. §1226, but now is subject to mandatory detention under 8 U.S.C. §1331. *See e.g., De La Teja v. United States,* 321 F.3d 1357, 1362-63 (11th Cir. 2003)("Because a final removal order has been entered, De La Teja is no longer being detained pursuant to [INA §236(c)] which governs only detention prior to a final removal order."). Petitioner has clearly been granted relief from removal to Iraq in the form of "withholding of removal" under Section 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. §1231(b)(3). (*See* Return, Govt. Ex. 1). However, the respondents maintain that the Department of Homeland Security, Immigration and Customs Enforcement, has originally properly detained petitioner pursuant to Section 236(c), 8 U.S.C. §1226(c) of the Immigration and Nationality Act (INA) throughout the duration of his removal proceedings, and continues to detain him properly under 8 U.S.C. §1231 as a convicted criminal alien with a final order of removal. 8 U.S.C. §1231(a)(2).

Petitioner Al-Bareh has been in the respondents' custody with a final order of removal since February 13, 2008, and under the statute and regulations, and as supported by the United States Supreme Court case law, he is lawfully and mandatorily detained pursuant to that order for a period

of ninety days, which represents the statutory removal period. *See* 8 U.S.C. §1231(a)(1) and (2). Therefore, contrary to petitioner's assertions, his post-order detention is still within the ninety day removal period provided for under the statute, and this does not violate his Constitutional, statutory or regulatory rights. *See Zadvydas v. Davis,* 533 U.S. 678, 689 (2001).

The provisions of Section 241, 8 U.S.C. Section 1231(a) entitled, "Detention And Removal Of Aliens Ordered Removed," do apply to petitioner. Under this section of law, the respondents submit that petitioner has been in custody pursuant to a final order for a little over two months, or about nine weeks, and as such there is no due process violation as petitioner claims in his reply brief. The statute contemplates that he is entitled to a review of his custody and possible release from detention within ninety days of the entry of his final order of removal. *See* Section 1231(a)(1),(2), and (3). As noted in the government's return, petitioner was given notice of this file custody review as of March 13, 2008. *See* Return Govt. Ex. A. The fact that he spent six years in a refugee camp in Saudi Arabia dose have some bearing on a possible third country to consider for removal. *See* 8 U.S.C. §1231(b)(2)(E)(iii). Whether or not petitioner would actually be removed to that third country is a speculative claim that is not ripe for judicial review at this time because that action has not been taken by the respondents. Rather the efforts that have been demonstrated by the government to attempt to locate a third country for petitioner's removal are provided for in the statute and have been upheld by the Supreme Court as lawful as well. *See Jama v. ICE,* 543 U.S. 335 (2005).

Because petitioner has been granted withholding of removal to his native country of Iraq pursuant to 8 U.S.C. §1231(b)(3) (A), he will not be removed to Iraq, but the government clearly has the statutory right to attempt to remove him to a third country within the ninety day removal

period. 8 U.S.C. §1231(b)(3)(E)(vii). While the removal to his country of origin may have been withheld by the judge, that does not grant him any lawful status to remain in the United States, and it does not cancel the original order of removal. The Supreme Court has validated the statutory process that provides for ICE to execute that order to any country other than the country to which removal has been withheld or deferred. *See* 8 U.S.C. §1231(b)(2)(E)(vii): "If impracticable, inadvisable, or impossible to remove the alien to each country described in a previous clause of this subparagraph, another country whose government will accept the alien into that country." *See also Jama, supra.*

After ICE contacted the government of Germany as petitioner's designated alternative country for removal, Germany declined to allow petitioner Al-Bareh to enter its country. Return Govt. Ex. B (*Id*). Because petitioner had last lived in Saudi Arabia according to his political asylum application, ICE, in accordance with the statute made an attempt to see if Saudi Arabia would accept petitioner into their country. (Petitioner's Reply Exhibit 3). That request remains pending as of the time of this filing. However, the documentation of these efforts demonstrates that the government is attempting removal efforts, and has a reasonable basis to continue to do so. And petitioner can point to no section in the statute or regulations which establish a clear right for him as an aggravated felon, to be released from custody simply because he has been granted withholding of removal pursuant to 8 U.S.C.§1231(b)(3).

Petitioner makes much of the possibility of his "removal" to Saudi Arabia, and that this is unlawful; however, at this point that argument is premature and not ripe for review before this court, as no action has been taken with respect to removal to Saudi Arabia, and this petition addresses Al-Bareh's detention under the pre-order detention statute at 8 U.S.C. §1226 (c) and now the post-order

detention statute at 8 U.S.C. §1231(a). The government is not in violation of the statute, as petitioner is subject to ninety days' mandatory detention based upon his criminal conviction and the fact that he has a final removal order.

Thus, for the foregoing reasons, the petition should be dismissed in its entirety with prejudice.

                    Respectfully submitted,

                    PATRICK J. FITZGERALD
                    United States Attorney

            By:s/:<u>Sheila McNulty</u>
                SHEILA McNULTY
                Special Assistant U.S. Attorney
                219 South Dearborn Street
                Chicago, Illinois 60604
                (312) 353-8788