IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOUI HASHIM AL-BAREH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 589 |
| | ) |
| MICHAEL CHERTOFF, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Loui Hashim Al-Bareh's ("Al-Bareh") petition for a writ of habeas corpus. For the reasons stated below, we deny the petition.

**BACKGROUND**

Al-Bareh came to the United States from Iraq after allegedly participating in a revolt against the Saddam Hussein regime. Al-Bareh obtained refugee status and became a Lawful Permanent Resident of the United States in 2000. After allegedly spending some time working for a military contractor and serving as an interpreter for the U.S. Army in Iraq, Al-Bareh was convicted of wire fraud for his role in a welfare fraud scheme. Al-Bareh's conviction was for an aggravated felony which

1

subjected Al-Bareh to apprehension, mandatory detention, and placement in removal proceedings. Al-Bareh alleges that he was detained as of June 1, 2007. During his removal proceedings before an Immigration Judge ("IJ"), Al-Bareh applied for the relief of Restriction of Removal (also known as "Withholding of Removal") and for the relief of protection under the Convention Against Torture, contending that he would be persecuted or tortured if he was removed to Iraq. A hearing was held before the IJ on August 16, 2007, on the issue of Al-Bareh's deportability and relating to Al-Bareh's request for relief.

On January 25, 2008, Al-Bareh filed the instant habeas petition. On February 13, 2008, the IJ issued a written decision terminating Al-Bareh's Lawful Permanent Resident status, ordering Al-Bareh removed as an aggravated felon, and granting Al-Bareh's request for the relief of Withholding of Removal as to the country of Iraq based on the fact that Al-Bareh would face persecution if he returned to Iraq. After the IJ issued the decision, neither Al-Bareh nor the Government filed an appeal within the 30-day period allowed for the filing of an appeal. Since then, the Government has continued to detain Al-Bareh while making efforts to remove Al-Bareh to a country other than Iraq.

The instant petition alleges unlawful detention of Al-Bareh by the Government and asks the court to: (1) grant his petition for a writ of habeas corpus and order the Government to show cause why Al-Bareh is being detained in violation of the laws and Constitution of the United States, (2) find that the continued detention of Al-Bareh violates the laws and Constitution of the United States, (3) order the

Government to release Al-Bareh from custody, (4) order the Government to conduct a bond hearing, (5) grant declaratory and injunctive relief, and (6) grant any other relief necessary.

Even though the IJ issued an opinion granting Al-Bareh's request for Withholding of Removal subsequent to the filing of the instant petition for habeas corpus, Al-Bareh has persisted with the instant petition.

## LEGAL ANALYSIS

The Immigration and Nationality Act ("INA") is found in Chapter 8 of the United States Code. Pursuant to 8 U.S.C. § 1226(a), an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. An alien who is convicted of an aggravated felony is considered to be a "deportable alien" and "shall, upon the order of the Attorney General, be removed. . . ." 8 U.S.C. § 1227(a); 8 U.S.C. § 1227(a)(2)(A)(iii). Under 8 U.S.C. § 1226(c)(1)(B), the Attorney General shall take into custody and detain certain deportable criminal aliens, including aliens who have been convicted of an aggravated felony as provided in 8 U.S.C. § 1227(a)(2)(A)(iii). 8 U.S.C. § 1226(c)(1)(B). Generally, a deportable alien is entitled to removal proceedings conducted by an immigration judge who must decide whether or not the alien will be removed from the United States and whether or not the alien is entitled to any form of relief. 8 U.S.C. 1229a(a)(1). An alien who is deportable can file for various forms of relief including an application for Restriction of Removal ("Withholding of

Removal") and Protection under the Convention Against Torture. 8 U.S.C. § 1231(b)(3). An alien is entitled to Withholding of Removal to a specific country if the immigration judge finds that the alien's "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). A grant of Withholding of Removal relief does not nullify a final order of removal. If an alien is granted the relief of Withholding of Removal, it is country-specific, which means that the Government cannot deport the alien to that specific country. However, the Government can deport the alien to any one of the following countries:

(1) "[t]he country from which the alien was admitted to the United States,"

(2) "[t]he country in which is located the foreign port from which the alien left for the United States or for a foreign territory contiguous to the United States,"

(3) a "country in which the alien resided before the alien entered the country from which the alien entered the United States,"

(4) "[t]he country in which the alien was born,"

(5) "[t]he country that had sovereignty over the alien's birthplace when the alien was born,"

(6) "[t]he country in which the alien's birthplace is located when the alien is ordered removed," and

(7) "[i]f impracticable, inadvisable, or impossible to remove the alien to each country described in a previous clause of this subparagraph, another country whose government will accept the alien into that country." 8 U.S.C. § 1231(b)(2)(E).

An alien who is ordered removed as an aggravated felon is subject to mandatory detention pursuant to 8 U.S.C. § 1231(a)(2). After a removal order becomes final, the alien shall be removed by the Attorney General within 90 days of that final order. 8 U.S.C. § 1231(a)(1)(A). The removal period begins to run on the latest of the following: (1) "[t]he date the order of removal becomes administratively final," (2) "if the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order," (3) "if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B). The period of removal can be extended beyond the 90-day period "if the alien fails or refuses to make a timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

## DISCUSSION

Under 8 U.S.C. § 1226(a)&(b) a deportable alien may be detained or released on bond pending a decision by an immigration judge on whether or not the alien would be ordered removed from the United States. Under 8 U.S.C. § 1226(c), the detention of an alien who is convicted of an aggravated felony is mandatory. 8 U.S.C. § 1226(c). Al-Bareh, having been convicted of an aggravated felony, was detained under the mandatory provisions of 8 U.S.C. § 1226(c). At the time Al-Bareh filed the instant petition, on January 25, 2008, he was detained, pursuant to 8

U.S.C. § 1226(c), and was awaiting a decision by the IJ on the issue of his deportability and his request for relief. When Al-Bareh filed the instant petition, he contended that his detention is unlawful because of the delay in concluding his removal proceedings and because the Government of the United States was unlikely to remove him to Iraq. However, subsequent to the filing of the petition, on February 13, 2008, the IJ issued a decision terminating Al-Bareh's Lawful Permanent Resident status, ordering Al-Bareh removed, and granting Al-Bareh's request for relief of Withholding of Removal as to the country of Iraq. (P Reply Ex. 1, 13). The Government correctly argues that the issue of Al-Bareh's detention pursuant to 8 U.S.C. § 1226(c) has become moot and that Al-Bareh's petition, to the extent that it relies on his detention pending a decision by the IJ, should be dismissed. Furthermore, there is no basis to conclude that the time it took for the IJ to make a decision was unreasonable, let alone unconscionable. *Hussain v. Mukasey*, 510 F.3d 739, 742 (7th Cir. 2007). Immigration judges have a duty to carefully evaluate all the evidence submitted before they render a decision. That is exactly what the IJ did in this case and, in fact, granted Al-Bareh the sole relief that Al-Bareh requested and was entitled to, in the form of Withholding of Removal to Iraq. The reason Al-Bareh was in mandatory detention, pursuant to 8 U.S.C. § 1226(c) was because Al-Bareh was convicted of an aggravated felony. We further note that, to the extent that Al-Bareh is challenging the IJ's manner of conducting the immigration proceedings, such is a discretionary determination by the IJ, and the courts are stripped of jurisdiction to review such discretionary determinations. 8 U.S.C. §

1252(a)(2)(B)(ii); *see also Ali v. Gonzales*, 503 F.3d 659 (7th Cir. 2007)(finding that a decision by an immigration judge to deny a motion for continuance derives from the "judges authority to conduct and control the course of removal proceedings" as provided in the statute). Al-Bareh concedes to the fact that he has been convicted of an aggravated felony and was thus a deportable alien subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). Al-Bareh was properly taken into custody on June 1, 2007. From June 1, 2007, until March 14, 2008, the date the removal order became administratively final, Al-Bareh was lawfully detained, pursuant to 8 U.S.C. § 1226(c) as an aggravated felon.

Since the final order of removal, Al-Bareh has been detained pursuant to 8 U.S.C. § 1231(a)(2), which mandates detention of certain criminal aliens who have been ordered removed. A decision by an immigration judge becomes administratively final upon waiver of appeal or expiration of the time to appeal if no appeal is taken, whichever occurs first. 8 C.F.R. § 1003.39; *In re Paul Susma*, Interim Decision 3404 (BIA 1999). Pursuant to 8 C.F.R. § 1003.38(b), an appeal from a decision of an immigration judge shall be filed with the Board of Immigration Appeals ("BIA") within 30 calendar days after the mailing of an immigration judge's written decision. The record does not reflect that either Al-Bareh or the Government expressly waived appeal before the expiration of the appeal period. However, it is undisputed that both Al-Bareh and the Government did not appeal the IJ's written decision of February 13, 2008, by the expiration of the appeal period on March 14, 2008. Therefore, the decision of the IJ ordering the removal of Al-Bareh to a country

7

other than Iraq became administratively final on March 14, 2008.

Al-Bareh continues to argue that he is still unlawfully detained, questions the acts of the Government in the removal process, and contends that he is entitled to habeas relief. We first note that pursuant to 8 U.S.C. § 1252(a)(2)(C), the courts are stripped of jurisdiction "to review a final order of removal against an alien who is removable by reason of having committed a criminal offense" including an aggravated felony. 8 U.S.C. § 1252(a)(2)(C). Notwithstanding Al-Bareh's contentions about the propriety of the Government's manner of execution of the removal order, the courts are stripped of jurisdiction to "hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien. . . ." 8 U.S.C. § 1252(g). While it is true that an alien cannot be held indefinitely pending removal from the United States, that is not the case here. The Government has the right to attempt to remove Al-Bareh from the United States within certain periods as provided by statute. Thus, the issue before the court is whether Al-Bareh's detention is unlawful, entitling him to habeas relief. *See Zadvydas*, 533 U.S. at 687-88.

Since March 14, 2008, Al-Bareh has been lawfully detained pursuant to 8 U.S.C. § 1231(a). Even though Al-Bareh was granted the relief of Withholding of Removal to his native country of Iraq, the Government still has a statutory right to attempt to remove Al-Bareh to a third country pursuant to 8 U.S.C. § 1231(b)(2)(E). Under 8 U.S.C. § 1231(a)(1)(A)&(B), the Government has 90 days from the date that

the removal order became administratively final, in this case March 14, 2008, to deport Al-Bareh to a country other than Iraq. 8 U.S.C. § 1231(a)(1)(A)&(B). During this period, the Government is statutorily required to detain Al-Bareh pursuant to 8 U.S.C. § 1231(a)(2). As the Government correctly points out, the 90-day period to deport Al-Bareh has not yet expired. Therefore, the Government's detention of Al-Bareh is lawful under the clear statutory language of 8 U.S.C. § 1231(a). Based on the INA provisions governing detention and removal, we find that Al-Bareh has been lawfully detained throughout the entire time that he has been detained by the Government, and Al-Bareh has not shown that he is entitled to habeas relief. 8 U.S.C. § 1226(a)&(c); 8 U.S.C. § 1231(a).

  Al-Bareh also argues, in his reply in support of his habeas petition, that the Government cannot detain him for the purposes of deporting him to Saudi Arabia, which is one of the countries that the Government is apparently attempting to deport Al-Bareh. As an initial matter, this court does not have jurisdiction to review the actions of the Government in the execution of removal orders. 8 U.S.C. § 1252(g). We also note that, as stated above, the Government has the right to deport an alien to any appropriate country under the statutory provisions. 8 U.S.C. § 1231(b)(2)(E). Finally, to the extent that Al-Bareh is challenging the constitutionality of the detention and removal provisions under the INA, such actions can only be brought in the appropriate court of appeals under the REAL ID Act. 8 U.S.C. § 1252(a)(2)(D).

  Al-Bareh's petition states that this court's jurisdiction is, in part, based on mandamus authority and requests relief in the form of an order requiring his release

from custody. (Pet. 10). A writ of mandamus may be issued by the district court "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff." 28 U.S.C. § 1361. To prevail on a mandamus claim, a plaintiff must demonstrate that: "(1) he has a clear right to the relief sought; (2) the defendant has a duty to the act in question; and (3) no other adequate remedy is available." *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002). Mandamus relief is a "drastic and extraordinary remedy" and in order to grant a writ of mandamus, the court "must be satisfied that the writ is appropriate under the circumstances." *Cheney v. United States Dist. Court for Dist. Of Columbia*, 542 U.S. 367, 380-81 (2004); *United States v. Lapi*, 458 F.3d 555, 560 (7th Cir. 2006). As we have found above, the Government's detention of Al-Bareh was and is lawful, and Al-Bareh has not shown that he has a clear right to the relief sought or that the Government has a duty to release him. Thus, Al-Bareh has not met the burden necessary to warrant the granting of a writ of mandamus. Therefore, we deny Al-Bareh's petition in its entirety.

## CONCLUSION

Based on the foregoing, we deny the petition for a writ of habeas corpus.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:  May 7, 2008